■ CLAUDETTE GRAY, Appellant, v GOUZ, INC., Respondent. [611 NYS2d 637] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dunkin, J.), dated May 11, 1992, which, upon a jury verdict, is against her and in favor of the defendant on the issue of liability.

Ordered that the judgment is affirmed, with costs.

On the evening of May 25, 1987, while the plaintiff was shopping in the defendant's supermarket, she suddenly felt a "thud" in the middle of her back and immediately experienced pain. The plaintiff testified that an employee of the defendant, who had been working with a second employee stocking the store's shelves, had backed into her. The employee's elbow made contact with the plaintiff's back and caused the pain. The plaintiff reported the incident to the store's Chief of Security, stating that the two employees had been "fooling around" and caused her injury. The second employee testified that both the plaintiff and his co-worker were backing up and had backed into each other.

The jury found in favor of the defendant on the issue of liability. The plaintiff moved to set aside the verdict based on the theory that the employee's "unconsensual physical contact" with her mandated a finding of negligence. The Supreme Court denied the motion on the ground that the verdict was not contrary to the weight of the evidence, and subsequently, entered judgment in favor of the defendant. We now affirm.

The jury, which saw and heard the witnesses testify, was in the best position to evaluate the nature and the circumstances of the contact between the plaintiff and the employee. Since one element of a cause of action sounding in negligence is the failure to exercise ordinary care, i.e., the failure to exercise that degree of care which a reasonably prudent person would have exercised under the same circumstances (see, e.g., PJI 2:10), the jury's conclusion that the employee was not negligent under the circumstances was reasonable. Moreover, since it cannot be said that the "jury could not have reached the verdict on any fair interpretation of the evidence", it should not be set aside as contrary to the weight of the evidence (Nicastro v Park, 113 AD2d 129, 134; see also, Delgado v Board of Educ., 65 AD2d 547).

We have examined the plaintiff's remaining contentions and

find them to be without merit. Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.