■ TOMARA HUGGINS, Respondent, v NELSON FIGUEROA, Defendant, and JAMAICA BUSES, INC., et al., Appellants. (Action No. 1.) DOROTHY AKUJUO, Respondent, v SONIA FIGUEROA, Defendant, and JAMAICA BUSES, INC., et al., Appellants. (Action

No. 2.) Humberto Rodriguez, Respondent, v City of New York et al., Defendants, and Jamaica Buses, Inc., et al., Appellants. (Action No. 3.) Lisa Cummins, Respondent, v Nelson Figueroa, Defendant, and Jamaica Buses, Inc., et al., Appellants. (Action No. 4.) Sonia Figueroa et al., Respondents, v City of New York et al., Defendants, and Jamaica Buses, Inc., et al., Appellants. (Action No. 5.) Anthony Lindo, Respondent, v Nelson Figueroa, Defendant, and Jamaica Buses, Inc., et al., Appellants. (Action No. 6.) (And Other Related Actions.) [762 NYS2d 404] —In nine related actions to recover damages for personal injuries, etc., the defendants Jamaica Buses, Inc., and Ranelle L. Perch appeal from an order of the Supreme Court, Queens County (Flug, J.), dated November 26, 2001, which denied their motions for summary judgment dismissing the complaints insofar as asserted against them in Action Nos. 1 through 6.

Ordered that the order is reversed, on the law, with costs, the motions are granted, the complaints in Action Nos. 1 through 6 are dismissed insofar as asserted against the defendants Jamaica Buses, Inc., and Ranelle L. Perch, and the actions against the remaining defendants in Action Nos. 1 through 6 are severed.

Nelson Figueroa was driving his automobile southbound around an extreme curve in the road on Brookville Boulevard in Queens when his vehicle crossed over into the northbound lane of traffic and collided with a bus, owned by the defendant Jamaica Buses, Inc., and operated by the defendant Ranelle L. Perch (hereinafter collectively the bus company defendants). Upon observing Figueroa's vehicle, Perch moved the bus to the right and applied her brakes. Figueroa and three of his four passengers were killed, and Figueroa's fourth passenger and several of the passengers on the bus were injured in the collision. Nine related actions were commenced against, among others, the bus company defendants. By separate motions, the bus company defendants moved for summary judgment dismissing the complaints insofar as asserted against them in Action Nos. 1 through 6 based on the emergency doctrine. Only the plaintiffs in Action No. 5 opposed the bus company defendants' motion for summary judgment dismissing the complaint in that action insofar as asserted against them. The Supreme Court denied the motions. We reverse.

Under the emergency doctrine, "a driver is not required to anticipate that an automobile traveling in the opposite direction will cross over into oncoming traffic" (*Bentley v Moore,* 251 AD2d 612, 613 [1998]). Here, the bus company defendants

made a prima facie showing of entitlement to judgment as a matter of law based upon the testimony of Perch and the plaintiff in Action No. 6, Anthony Lindo, both of whom testified that Figueroa's vehicle, which was traveling at an excessive speed, crossed over into the northbound lane in which the bus was proceeding. Perch responded reasonably to the emergency (*see Pawlukiewicz v Boisson,* 275 AD2d 445 [2000]; *Lyons v Rumpler,* 254 AD2d 261, 262 [1998]).

In opposition, the plaintiffs in Action No. 5 failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327 [1986]). The conclusory and speculative assertions proffered by Nicholas Bellizzi, the expert relied upon by the plaintiffs in Action No. 5, are insufficient to defeat the motion of the bus company defendants for summary judgment dismissing the complaint in Action No. 5 (*see Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124, 129 [2000]; *Hartman v Mountain Val. Brew Pub, Inc.,* 301 AD2d 570 [2003]; *Ali v Long Is. R.R.,* 300 AD2d 264 [2002]). In addition, the plaintiffs failed to oppose the motions of the bus company defendants in Action Nos. 1 through 4 and 6. Therefore, the motions for summary judgment by the bus company defendants should have been granted. S. Miller, J.P., Goldstein, Adams and Rivera, JJ., concur.