58

[783 NYS2d 648]

Jessica Bello, an Infant, by Her Mother, Dinah Ayala, Appellant, v Transit Authority of New York City et al., Respondents.

Second Department, October 25, 2004

## APPEARANCES OF COUNSEL

*Davidson & Kran*, New York City (*David Davidson* of counsel), for appellant.

*Wallace D. Gossett*, Brooklyn (*Lawrence Heisler* of counsel), for respondents.

## OPINION OF THE COURT

Fisher, J.

On this appeal, we address the question of when, if ever, a defendant who plans to rely on the emergency doctrine in a negligence case must plead it as an affirmative defense.

The facts are largely undisputed. The five-year-old plaintiff and her mother were passengers on a bus operated by the defendant Transit Authority of the City of New York (hereinafter the Transit Authority) when the mother noticed a man acting strangely, repeatedly boarding and then exiting the bus. The last time the man exited, he left behind a large orange bag. The contents of the bag began ticking.

Several passengers, including the plaintiff's mother, apparently heard the ticking and became alarmed. One female passenger screamed that there was a bomb on board and repeatedly demanded that the driver stop. Other passengers, in a state of panic, got up and headed for the doors. The plaintiff's mother also panicked. She grabbed the plaintiff, pulling her out of her seat, and began moving toward the front of the vehicle. In response to the clamor, the driver brought the bus to a sudden stop in the middle of the street, apparently causing the plaintiff to stumble forward. The driver opened the doors, and the passengers, including the plaintiff and her mother, exited quickly and ran. Once outside, the mother discovered that the plaintiff had sustained an injury to her head allegedly as a result of the sudden stop.

The plaintiff subsequently commenced this action against the Transit Authority and the unnamed bus driver. The defendants denied negligence and asserted comparative negligence as an affirmative defense.

After discovery was completed, the defendants moved for summary judgment dismissing the complaint on the ground that, as

a matter of law, the bus driver was not negligent because his actions were a reasonable response to an emergency situation. In opposition to the motion, the plaintiff argued that the defendants were precluded from relying on the emergency doctrine because they had failed to plead it as an affirmative defense. In the alternative, the plaintiff claimed that the emergency doctrine was inapplicable or, at best, presented a question of fact for the jury to resolve. The Supreme Court granted the defendants' motion. We affirm.

Negligence involves the failure to exercise the degree of care that a reasonably prudent person would exercise in the same situation (*see Gray v Gouz, Inc.*, 204 AD2d 390 [1994]; PJI3d 2:10 [2004]). It is not a fixed concept, but is shaped by "time, place and circumstance" (*Sadowski v Long Is. R.R. Co.*, 292 NY 448, 455 [1944]). The common-law emergency doctrine does not define an exception to those principles but rather fits neatly within their framework. The doctrine recognizes that, faced with an emergency, even a reasonable person might choose a course of action which, in hindsight, proves to have been mistaken or ill-advised.

Thus, the emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency (*see Caristo v Sanzone*, 96 NY2d 172, 174 [2001]; *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). The essence of the emergency doctrine is that, where a sudden and unexpected circumstance leaves a person without time to contemplate or weigh alternative courses of action, that person cannot reasonably be held to the standard of care required of one who has had a full opportunity to reflect, and therefore should not be found negligent unless the course chosen was unreasonable or imprudent in light of the emergent circumstances (*see Amaro v City of New York*, 40 NY2d 30, 36 [1976]).

Although the existence of an emergency and the reasonableness of a party's response to it will ordinarily present questions of fact (*see Morgan v Ski Roundtop*, 290 AD2d 618 [2002]), they may in appropriate circumstances be determined as a matter of law (*see Huggins v Figueroa*, 305 AD2d 460 [2003]). Here, invoking the emergency doctrine, the Transit Authority established

its prima facie entitlement to judgment as a matter of law by demonstrating that an emergency stop was made only after distressed and panicking passengers urgently told the driver that a man had left a bomb on the bus. In opposition, the plaintiff failed to raise a triable issue of fact as to the driver's negligence (*see Huggins v Figueroa, supra*). Nevertheless, the plaintiff contends that, having failed to plead the emergency doctrine as an affirmative defense, the defendants are precluded from relying on it. We disagree.

CPLR 3018 (b) provides that "[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading." Applying that rule, the question whether the emergency doctrine must be pleaded as an affirmative defense necessarily turns on the particular circumstances of each case. Where the facts relating to the existence of an emergency are presumptively known only to the party seeking to invoke the doctrine, it must be pleaded as an affirmative defense lest the adverse party be taken by surprise. Thus, for example, where the driver of a vehicle involved in a collision claims to have been reacting to a sudden and unforeseen medical emergency, the emergency doctrine would have to be pleaded as an affirmative defense (*cf. Dalchand v Missigman*, 288 AD2d 956 [2001]).

Conversely, where the facts relating to the existence of the emergency are known to the adverse party and would not raise new issues of fact not appearing on the face of the prior pleadings, the party seeking to rely on the emergency doctrine would not have to raise it as an affirmative defense (*see* CPLR 3018 [b]).

Here, all of the facts leading to the stop of the bus were well within the plaintiff's knowledge. Thus, there was no unfair surprise arising from the defendants' failure to plead those facts in their answer. Moreover, inasmuch as the plaintiff was given ample opportunity in opposition to the defendants' summary judgment motion to challenge the application of the emergency doctrine, both procedurally and on the merits, the Supreme Court did not err in considering the doctrine (*see Rogoff v San Juan Racing Assn.* 54 NY2d 883, 885 [1981]).

Accordingly, the order should be affirmed, with costs.

FLORIO, J.P., SCHMIDT and ADAMS, JJ., concur.

Ordered that the order is affirmed, with costs.