■ MARYANA MAKAGON, Appellant, v TOYOTA MOTOR CREDIT CORP. et al., Respondents, et al., Defendants. [808 NYS2d 120]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated

November 3, 2004, as granted the cross motion of the defendants Toyota Motor Credit Corp., Greta Elman, and Elena Elman for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the complaint is reinstated insofar as asserted against the defendants Toyota Motor Credit Corp., Greta Elman, and Elena Elman.

In support of their motion for summary judgment, the defendants Toyota Motor Credit Corp., Greta Elman, and Elena Elman (hereinafter the respondents) acknowledged that the accident occurred when their vehicle moved from the left southbound lane on the FDR Drive "over the divider into the middle of oncoming traffic" in the northbound lane. The fact that the vehicle crossed over into the opposing lane of traffic constituted proof of negligence (see Tomaselli v Goldstein, 104 AD2d 872 [1984]; Vehicle and Traffic Law § 1120 [c]).

The respondents' claim is that the defendant driver Greta Elman was confronted with an emergency not of her own making when her vehicle was struck by an unidentified red sedan. As a general rule, the questions of the existence of an emergency and the reasonableness of the response to it is an issue for the trier of fact (see Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 60 [2004]; Davey v Ohler, 188 AD2d 726, 727 [1992]), although "they may in appropriate circumstances be determined as a matter of law" (Bello v Transit Auth. of N.Y. City, supra at 60; Huggins v Figueroa, 305 AD2d 460 [2003]). The only evidence in the record of the existence of the unidentified red sedan is Greta Elman's testimony. The photographs of damage to the vehicle she was driving to which she referred in her deposition testimony are not part of the record. Under the circumstances, the respondents failed to establish as a matter of law that Greta Elman was confronted with an emergency (see Foster v Sanchez, 17 AD3d 312, 313 [2005]).

In any event, the observations of a police officer who responded to the scene, which were memorialized in a police report, that Greta Elman "ha[d] no memory of the accident," and his testimony in a related proceeding that there was no evidence that any third vehicle was involved, established the existence of a triable issue of fact which precluded summary judgment (see Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392, 396 [2003]; Ajlouny v Town of Huntington, 184 AD2d 486, 487 [1992]; Carter v County of Erie, 98 AD2d 963 [1983]). Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.