■ JOHNNY VITALE, Appellant, et al., Plaintiff, v DEBORAH LEVINE et al., Respondents. [844 NYS2d 105]—

In an action to recover damages for personal injuries, etc., the plaintiff Johnny Vitale appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), dated July 9, 2006, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by him.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Caristo v Sanzone*, 96 NY2d 172, 174 [2001]; *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]). Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact (*see Makagon v Toyota Motor Credit Corp.*, 23 AD3d 443, 444 [2005]), those issues "may in appropriate circumstances be determined as a matter of law" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d at 60; *see Huggins v Figueroa*, 305 AD2d 460, 462 [2003]).

As correctly determined by the Supreme Court, the evidence submitted in support of the defendants' motion for summary judgment was sufficient to establish that the defendant driver was faced with a sudden and unforeseen occurrence not of her own making (*see Richards v Miller*, 21 AD3d 1023, 1024 [2005]; *Frank v Lufsey*, 243 AD2d 538 [1997]), when the plaintiff Johnny Vitale (hereinafter the plaintiff) lost control of his motorcycle, was ejected from it, and slid across the roadway into the defendant driver's path, and that she acted reasonably and prudently under the circumstances. All of these facts leading to the accident amounted to an emergency situation, and were well known to the parties, obviating the necessity of pleading these facts as an affirmative defense (*see* CPLR 3018 [b]; *Edwards v New York City Tr. Auth.*, 37 AD3d 157, 158 [2007]; *Bello v Transit Auth. of N.Y. City*, 12 AD3d at 61). In opposition, the plaintiff's speculative and conclusory assertions failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327 [1986]; *Huggins v Figueroa*, 305 AD2d at 462). Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.