■ JAMES KOENIG, Respondent, v SONG B. LEE, Respondent, and JOEL H. COHEN et al., Appellants. [862 NYS2d 373]—

In an action to recover damages for personal injuries, the defendants Joel H. Cohen and Elaine Cohen appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated June 1, 2007, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Joel H. Cohen and Elaine Cohen for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

"Under the emergency doctrine, 'when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Vitale v Levine,* 44 AD3d 935, 936 [2007], quoting *Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327 [1991]; *see Caristo v Sanzone,* 96 NY2d 172, 174 [2001]; *Bello v Transit Auth. of N.Y. City,* 12 AD3d 58, 60 [2004]). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact (*see Makagon v Toyota Motor Credit Corp.,* 23 AD3d 443, 444 [2005]), those issues 'may in appropriate circumstances be determined as a matter of law' " (*Vitale v Levine,* 44 AD3d at 936, quoting *Bello v Transit Auth. of N.Y. City,* 12 AD3d at 60; *see Huggins v Figueroa,* 305 AD2d 460, 462 [2003]). "A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into the oncoming lane of traffic. Such an event constitutes a classic emergency situation, implicating the emergency doctrine" (*Marsch v Catanzaro,* 40 AD3d 941, 942 [2007]; *see Gajjar v Shah,* 31 AD3d 377, 377-378 [2006]; *Cheung v Dominican Convent of Our Lady of Rosary,* 22

AD3d 450, 451 [2005]; *Lyons v Rumpler,* 254 AD2d 261, 262 [1998]).

Here, the evidence submitted by the appellants in support of their motion for summary judgment established that the plaintiff's vehicle, which had been traveling southbound, was virtually stopped in the left turn lane of the roadway. According to his deposition testimony, as the defendant Song B. Lee drove in the left lane of northbound traffic, he was forced to swerve across the center line. In so doing, his car collided with the plaintiff's, forcing the plaintiff's vehicle to move backward and into the left travel lane of the southbound traffic. The appellants' vehicle, traveling in that lane, then collided with the rear of the plaintiff's vehicle. According to the plaintiff's deposition testimony, the second collision occurred one or, two seconds after the first. According to the deposition testimony of the appellant Joel H. Cohen, he had no awareness that an accident was taking place until the moment his vehicle collided with the plaintiff's.

Thus, the evidence submitted by the appellants in support of their motion for summary judgment established that Joel H. Cohen was faced with an instantaneous cross-over emergency, not of his own making, leaving him with only a second or two to react and virtually no opportunity to avoid a collision (*see Lee v Ratz,* 19 AD3d 552, 553 [2005]; *Boos v Bedrock Materials, Inc.,* 16 AD3d 447 [2005]; *Gonzalez v City of New York,* 295 AD2d 122 [2002]; *Caban v Vega,* 226 AD2d 109, 111 [1996]; *Koch v Levenson,* 225 AD2d 592, 593 [1996]; *Williams v Econ,* 221 AD2d 429, 430 [1995]). Under these circumstances, the appellants established their prima facie entitlement to judgment as a matter of law. Mere speculation that Joel H. Cohen may have failed to take some unspecified accident-avoidance measures or in some other way contributed to the occurrence of the accident is insufficient to defeat the appellants' motion for summary judgment (*see Boos v Bedrock Materials, Inc.,* 16 AD3d at 447; *Sirico v Beukelaer,* 14 AD3d 549 [2005]; *Mehring v Cahill,* 271 AD2d 415, 415-416 [2000]; *Lyons v Rumpler,* 254 AD2d 261, 262-263 [1998]; *Caban v Vega,* 226 AD2d at 111; *Williams v Econ,* 221 AD2d at 430). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Joel H. Cohen's reaction to the emergency was unreasonable, or whether any negligence on his part prior to the cross-over contributed to the bringing about of the emergency (*see Lee v Ratz,* 19 AD3d at 553). Accordingly, the appellants' motion for summary judgment should have been granted. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.