■ IQBAL KHAN et al., Respondents, v JANE M. CANFORA, Appellant, et al., Defendants. [874 NYS2d 243]—

In an action, inter alia, to recover damages for personal injuries, the defendant Jane M. Canfora appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 19, 2007, as granted that branch of the plaintiffs' motion which was for summary judgment against her on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendant Jane M. Canfora is denied.

This action arises from a three-car collision, in which a car driven by the appellant, Jane M. Canfora, collided with a car operated by the defendant Joshua H. Kaplan. As a result of this contact, Canfora's car flipped over and was then propelled into a parked car occupied by the plaintiff Iqbal Khan. The accident occurred on Scholar Lane, a two-way street in the Town of Smithtown, adjacent to Commack High School.

The plaintiffs moved for summary judgment on the issue of liability against the defendants. In support of the motion, the plaintiffs relied upon the deposition testimony of Michael Gronowski, a witness to the accident. Gronowski testified that he observed Kaplan pull over to the side of the road adjacent to where Gronowski was seated in a security vehicle. When Gronowski informed Kaplan that he could not drive onto the school grounds, Kaplan pulled back onto the roadway without looking for oncoming traffic. Immediately thereafter his car collided with Canfora's car, which had been proceeding on Scholar Lane.

" 'Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must

make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" ' " (*Koenig v Lee*, 53 AD3d 567, 567 [2008], quoting *Vitale v Levine*, 44 AD3d 935, 936 [2007], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). "[T]he existence of an emergency and the reasonableness of the response to it is an issue for the trier of fact" (*Makagon v Toyota Motor Credit Corp.*, 23 AD3d 443, 444 [2005]). In addition, a driver with the right of way is not obligated to anticipate that a second motorist will not yield the right of way to him or her (*see Koenig v Lee*, 53 AD3d 567 [2008]).

Here the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability against Canfora, since there remain triable issues of fact as to whether Canfora was faced with an emergency situation and whether her response to the situation was reasonable and prudent under the circumstances. Accordingly, that branch of the plaintiffs' motion which was for summary judgment against Canfora on the issue of liability should have been denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Tchjevskaia v Chase*, 15 AD3d 389 [2005]). Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.