LAURA J. JONES, Respondent, v WILLIAM J. GEOGHAN, Respondent, and MAGGIES PARATRANSIT CORP. et al., Appellants. [876 NYS2d 508]—

In an action, inter alia, to recover damages for wrongful death, the defendants Maggies Paratransit Corp., New York City Transit Authority, and Marcus E. Cooper appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated November 15, 2007, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents, and the motion of the defendants Maggies Paratransit Corp., New York City Transit Authority, and Marcus E. Cooper for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff's decedent was operating a motorcycle in the southbound center lane on Boerum Place, between Schermerhorn and State Streets in Brooklyn, when the motorcycle was struck by a wheel that became disengaged from an automobile traveling behind him in the right lane. The decedent lost control of the motorcycle, which fell over and spun into the left lane, ejecting him directly into the path of an Access-A-Ride van owned by the defendant New York City Transit Authority, leased by the defendant Maggies Paratransit Corp., and operated by the defendant Marcus E. Cooper.

At his deposition, Cooper testified that after he saw a loose tire rolling in the roadway, he drove the van partially onto the raised center median immediately to his left and stopped two to three seconds before the decedent was thrown under the van. The defendant William J. Geoghan, who was driving the vehicle from which the subject wheel became detached, testified that he was traveling in the right lane on Boerum Place, and had just crossed the Schermerhorn Street intersection, when "[a]ll of a sudden my car came to a stop and went down in the front on one side." According to Geoghan, seconds later, he heard "this tremendous boom type sound," after which he observed his

wheel leaning against the median three lanes over and the van partially on the median before the State Street intersection.

In opposition to the appellants' prima facie showing of entitlement to judgment as a matter of law demonstrating that Cooper was not negligent in the happening of the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), the plaintiff failed to raise a triable issue of fact. An eyewitness, in an affidavit submitted in opposition, averred that the van struck the decedent after he was thrown into the left lane, and dragged him approximately 50 feet before stopping partially on the median. Cooper, on the other hand, averred that he had already stopped the van on the center median when the decedent made contact with the van. Notwithstanding the conflicting versions of how the accident occurred, the eyewitness's account was insufficient to refute the appellants' defense that Cooper was faced with a sudden and unforeseen occurrence not of his own making (*see Levine v Li-Heng Chang*, 56 AD3d 530, 531 [2008]; *Vitale v Levine*, 44 AD3d 935, 936 [2007]; *see also Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). Thus, under any reasonable view of the evidence, the emergency doctrine applied. It would be speculative to conclude that Cooper could have avoided the accident under these circumstances (*see Gajjar v Shah*, 31 AD3d 377, 378 [2006]).

Although the appellants expressly raised a defense based on the emergency doctrine for the first time in their reply papers, we may consider it on appeal. In the first instance, the defense was raised in direct response to the allegation made in the plaintiff's opposition papers that the decedent was struck by a van in motion, rather than thrown into the path of a stopped van (*see Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]; *Ryan Mgt. Corp. v Cataffo*, 262 AD2d 628, 630 [1999]; *see also Kelsol Diamond Co. v Stuart Lerner, Inc.*, 286 AD2d 586, 587 [2001]). Moreover, "[a]lthough the existence of an emergency and the reasonableness of a party's response to it will ordinarily present questions of fact" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Makagon v Toyota Motor Credit Corp.*, 23 AD3d 443, 444 [2005]), those issues, under the circumstances here, are determinable as a matter of law (*see Vitale v Levine*, 44 AD3d at 936; *Gajjar v Shah*, 31 AD3d at 378; *Marsch v Catanzaro*, 40 AD3d 941, 942 [2007]; *Garcia v Prado*, 15 AD3d 347 [2005]; *Huggins v Figueroa*, 305 AD2d 460, 462 [2003]). The appellants' reply papers presented no new facts, but only an issue of law which appears on the face of the record. Thus, the defense based on the emergency doctrine may be considered

on this appeal, as that issue was briefed by the parties on appeal (*see Hoffman v City of New York*, 301 AD2d 573, 574 [2003]) and could not have been avoided if brought to the Supreme Court's attention at the proper juncture (*see generally Dugan v Crown Broadway, LLC*, 33 AD3d 656 [2006]; *Hoffman v City of New York*, 301 AD2d at 574; *Block v Magee*, 146 AD2d 730, 732-733 [1989]). Further, the facts surrounding the events leading up to the accident were known to the plaintiff and, thus, there was no unfair surprise when the defense was raised by the appellants in their reply to the plaintiff's opposition (*cf. Vitale v Levine*, 44 AD3d at 936; *Bello v Transit Auth. of N.Y. City*, 12 AD3d at 61).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Spolzino, J.P., Skelos, Santucci and Dickerson, JJ., concur.