■ JUAN FRANCO, Respondent, v G. MICHAEL CAB CORP., Appellant, et al., Defendants. [898 NYS2d 186]—

In an action to recover damages for personal injuries, the defendant G. Michael Cab Corp. appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated July 1, 2009, which denied its motion, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs. .

The plaintiff was employed by an entity called Shelter Express. During the evening of October 26, 2003, he was on duty cleaning a bus stop located in the vicinity of 44th Street and Third Avenue in Manhattan. He had parked his truck near the curb and was bending over in its rear-bed section removing a hose when a yellow taxicab crashed into the rear of the truck, allegedly causing the plaintiff to fall to the ground and sustain

injuries. Immediately before the accident, the plaintiff heard a noise and observed two yellow taxicabs—one proceeded straight on the roadway, and the other crashed into his truck. The taxicab which collided with the plaintiff's truck was owned by the defendant G. Michael Cab Corp. (hereinafter the defendant) and operated by Smail Badrane.

The Supreme Court properly denied the defendant's motion. In support of its motion, the defendant invoked the emergency doctrine by asserting that Badrane was confronted with an emergency situation when the vehicle to his left collided with his taxicab, causing him to crash into the rear of the plaintiff's vehicle. "[T]he emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection . . . may not be negligent if their actions are reasonable and prudent in the context of the emergency" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]). The defendant could not properly rely on the emergency doctrine in support of its motion. Since the defendant failed to plead the emergency doctrine as an affirmative defense in its answer, and the facts relating to the emergency were known only to the defendant and Badrane, the motion raised new issues of fact not appearing on the face of the pleadings, which resulted in unfair surprise to the plaintiff (*cf. Bello v Transit Auth. of N.Y. City*, 12 AD3d at 61).

The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit. Skelos, J.P., Florio, Hall and Austin, JJ., concur.