■ SANDRA LONERGAN et al., Respondents v JOSEPH A. ALMO et al., Defendants, and JOSEPH HESS, Appellant. [904 NYS2d 86]—

In an action to recover damages for personal injuries and wrongful death, etc., the defendant Joseph Hess appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated July 7, 2009, as

denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against him is granted.

At approximately 8:10 P.M., on December 27, 2003, James Goess (hereinafter the decedent), a pedestrian, was struck by a motor vehicle owned by the defendant John Faraci and operated by the defendant Joseph A. Almo, in the left lane of the eastbound roadway of Montauk Highway, in Suffolk County. As a result of the impact, the decedent's body was propelled onto the windshield of the motor vehicle being operated by Almo, and ultimately landed in the path of a motor vehicle driven by the appellant in the left lane of the westbound roadway of Montauk Highway. The appellant testified at his deposition that he was driving at a speed of approximately 35 miles per hour when he first saw the decedent lying in the roadway about 15 feet in front of his car. The appellant swerved to the right, in an attempt to avoid making contact with the decedent, but the front left tire of his car "caught" the decedent's foot. The contact occurred within one second of when he first observed the decedent in the roadway. The appellant acknowledged at his deposition that he did not attempt to apply his brakes. The record further reveals that it was dark in the area where the accident occurred and that the decedent was dressed in dark clothing.

Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Koenig v Lee*, 53 AD3d 567, 567 [2008]; *Vitale v Levine*, 44 AD3d 935, 936 [2007]). Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues "may in appropriate circumstances be determined as a matter of law" (*Vitale v Levine*, 44 AD3d at 936 [internal quotation marks omitted]). A driver is not obligated to anticipate a body lying in the roadway, in the direct path of his motor vehicle. "Such an event constitutes a classic emergency situation, implicating the 'emergency doctrine' " (*Marsch v Catanzaro*, 40 AD3d 941, 942 [2007]).

The evidence which the appellant submitted in support of his motion for summary judgment established that he was faced with an emergency situation, not of his own making, leaving him with only a second to react and virtually no opportunity to avoid a collision (*see Koenig v Lee*, 53 AD3d at 568). Under these circumstances, the appellant established his prima facie entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the appellant's reaction to the emergency was unreasonable, or whether any negligence on his part prior to his first seeing the decedent in the roadway contributed to bringing about the emergency (*id.*). Mere speculation that the appellant may have avoided making contact with the decedent's body if he had applied the brake, or in some other way contributed to the occurrence of the accident, was insufficient to defeat the appellant's motion for summary judgment (*id.*).

Accordingly, that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against him should have been granted. Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur.