■ ANDREW TSAI, Appellant, v ZONG-LING DUH et al., Respondents. [913 NYS2d 748]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered August 24, 2009, as granted that branch of the motion of the defendants Matco Service Corp. and Michael P. Doyle which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the morning of February 27, 2006, a van owned by the defendant Matco Service Corp. and operated by the defendant Michael P. Doyle (hereinafter together the Matco defendants), which was stopped for a red light in the eastbound roadway of Booth Memorial Avenue, at its intersection with Utopia Parkway, in Queens, was struck by a minivan operated by the defendant Zong-Ling Duh, which had crossed over from the westbound roadway of 58th Avenue (the continuation of Booth Memorial Avenue on the eastern side of Utopia Parkway) to the eastbound roadway of Booth Memorial Avenue. As a result of that impact, the van was propelled onto the sidewalk, where it struck the plaintiff, a pedestrian.

"Under the emergency doctrine, 'when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Koenig v Lee*, 53 AD3d 567, 567 [2008], quoting *Vitale v Levine*, 44 AD3d 935, 936 [2007]). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact (*see Makagon v Toyota Motor Credit Corp.*, 23 AD3d 443, 444 [2005]), those issues 'may in appropriate circumstances be determined as a matter of law' " (*Vitale v Levine*, 44 AD3d at 936, quoting *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]). "A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into the oncoming lane of traffic. Such an event constitutes a classic emergency situation, implicating the emergency doctrine" (*Marsch v Catanzaro*, 40 AD3d 941, 942 [2007] [internal quotation marks omitted]).

Here, the evidence submitted by the Matco defendants in sup-

port of their motion for summary judgment established that Doyle, the operator of the van, was faced with an instantaneous cross-over emergency, not of his own making, leaving him with only seconds to react, and virtually no opportunity to avoid a collision (*see Lee v Ratz*, 19 AD3d 552, 553 [2005]). Under these circumstances, the Matco defendants established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact as to whether Doyle's reaction to the emergency was unreasonable, or whether any negligence on his part prior to the cross-over contributed to the creation of the emergency (*id.* at 552). Mere speculation that Doyle may have failed to take some unspecified accident-avoidance measures or in some other way contributed to the occurrence of the accident is insufficient to defeat the motion for summary judgment (*see Koenig v Lee*, 53 AD3d at 568). Accordingly, the Supreme Court properly granted that branch of the Matco defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Covello, J.P., Florio, Eng and Chambers, JJ., concur. **[Prior Case History: 24 Misc 3d 1237(A), 2009 NY Slip Op 51782(U).]**