██ MAUREEN MITCHELL, as Administrator of the Estate of MICHAEL D. MITCHELL, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [933 NYS2d 405]—

On December 22, 2008, at approximately 12:30 P.M., the defendant Richard M. Colucci, a New York City Police Department Detective, was driving eastbound in the right lane on the Belt Parkway in Queens County in the course of his employment. At that time, the decedent, Michael D. Mitchell, was attempting to enter the parkway on an entrance ramp. At his deposition,

Colucci testified that in order to avoid a disabled vehicle in the right lane immediately in front of his vehicle, he tried to exit the parkway via an exit ramp, slid across an icy "island" separating the exit ramp from the entrance ramp on which the decedent was driving, and collided with the decedent's vehicle. The decedent ultimately died, allegedly as a result of the injuries he sustained in the collision.

The plaintiff, as administrator of the decedent's estate, commenced this action against Colucci and the City of New York. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. In opposition to the cross motion, the defendants argued that Colucci had reacted reasonably to an emergency situation not of his own making. In the order appealed from, the Supreme Court, among other things, denied the cross motion. We affirm the order insofar as appealed from by the plaintiff.

The " 'emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency' " (*Evans v Bosl*, 75 AD3d 491, 492 [2010], quoting *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Miloscia v New York City Bd. of Educ.*, 70 AD3d 904, 905 [2010]; *Vitale v Levine*, 44 AD3d 935, 936 [2007]). The existence of an emergency and the reasonableness of the response to it generally present issues of fact (*see Lonergan v Almo*, 74 AD3d 902 [2010]; *Khan v Canfora*, 60 AD3d 635 [2009]). Here, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law on the issue of liability, the defendants raised triable issues of fact as to whether Colucci was confronted with an emergency situation not of his own making and whether his reaction was reasonable under the circumstances.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability. Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.