■ MARLENY LOPEZ, Respondent, v WOOK KO YOUNG, Respondent, and VITALINA KELLY, Appellant. [945 NYS2d 728]—

In an action to recover damages for personal injuries, the defendant Vitalina Kelly appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated August 23, 2011, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with one bill of costs, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.

This action involves a two-car accident which occurred on Sag Harbor Turnpike. The plaintiff, Marleny Lopez, was a passenger in the car driven by the defendant Vitalina Kelly as they were traveling northbound. The other car involved was driven by the defendant Wook Ko Young, who was traveling southbound. Kelly was driving behind an SUV. As the three vehicles approached the intersection of Sag Harbor Turnpike and Clay Pitts Road, the driver of the SUV made an abrupt left turn onto Clay Pitts Road without signaling, which resulted in the SUV crossing in front of the Young vehicle. To avoid striking the SUV, Young crossed over the double-yellow line and entered the oncoming northbound lane of traffic, causing the Young and Kelly vehicles to collide. The plaintiff allegedly sustained personal injuries as a result and thereafter commenced this action against Young and Kelly, alleging that they were both at fault in the happening of the accident. After issue was joined, Kelly moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The Supreme Court denied her motion, Kelly appeals, and we reverse.

"Under the emergency doctrine, 'when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct,

the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Miloscia v New York City Bd. of Educ.*, 70 AD3d 904, 905 [2010], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Ardila v Cox*, 88 AD3d 829, 830 [2011]). " 'This is not to say that an emergency automatically absolves one from liability for his [or her] conduct. The standard then still remains that of a reasonable [person] under the given circumstances, except that the circumstances have changed' " (*Williams v City of New York*, 88 AD3d 989, 990 [2011], quoting *Ferrer v Harris*, 55 NY2d 285, 293 [1982]). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues 'may in appropriate circumstances be determined as a matter of law' " (*Brannan v Korn*, 84 AD3d 1140, 1140 [2011], quoting *Vitale v Levine*, 44 AD3d 935, 936 [2007]). " 'A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic [and] [s]uch an event constitutes a classic emergency situation, thus implicating the "emergency doctrine" ' " (*Ardila v Cox*, 88 AD3d at 830, quoting *Gajjar v Shah*, 31 AD3d 377, 377-378 [2006]).

Here, the evidence submitted by Kelly in support of her motion for summary judgment established that she was faced with an emergency situation not of her own making, leaving her with no more than a few seconds to react and virtually no opportunity to avoid the collision (*see Ardila v Cox*, 88 AD3d at 830; *Lonergan v Almo*, 74 AD3d 902 [2010]; *Koenig v Lee*, 53 AD3d 567, 568 [2008]). Under the circumstances, Kelly established her prima facie entitlement to summary judgment. In opposition, both Lopez and Young failed to raise a triable issue of fact. Contrary to the Supreme Court's conclusion, there was no triable issue of fact as to whether any negligence on Kelly's part prior to the cross-over contributed to the creation of the emergency (*see Koenig v Lee*, 53 AD3d at 568; *Lee v Ratz*, 19 AD3d 552, 553 [2005]; *Stoebe v Norton*, 278 AD2d 484, 485 [2000]). Accordingly, the Supreme Court should have granted Kelly's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Skelos, J.P., Florio, Roman and Miller, JJ., concur.