■ Boris Firayner, Appellant, v Jose Juan Castro, Respondent. [43 NYS3d 137]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated October 28, 2015, which denied his motion for summary judgment on the issue of liability without prejudice to renewal upon the completion of discovery.

Ordered that the order is affirmed, with costs.

On July 18, 2014, a vehicle operated by the plaintiff and a vehicle operated by the defendant collided on Stillwell Avenue, near its intersection with Shore Parkway, in Brooklyn. Approximately two months later, the plaintiff commenced this action against the defendant. In September 2015, prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion without prejudice to renewal upon the completion of discovery. We affirm.

There can be more than one proximate cause of an accident (*see Sirlin v Schreib*, 117 AD3d 819 [2014]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620, 620 [2013]; *Simmons v Canady*, 95 AD3d 1201, 1202 [2012]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). Consequently, "[t]o prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013]; *see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Moluh v Vord*, 143 AD3d 680, 680 [2016]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]).

The plaintiff, in support of his motion, relied upon, inter alia, his affidavit stating that he was not negligent in the happening of the subject accident and that the defendant violated Vehicle and Traffic Law § 1128 (a) (*see Espinoza v Coco-Cola Bottling Co. of N.Y., Inc.*, 121 AD3d 640 [2014]; *Calandra v Dishotsky*, 244 AD2d 376 [1997]). In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law on the issue of liability, the defendant raised triable issues of fact as to whether he was confronted with an emergency situation not of his own making and whether his reaction was reasonable under the circumstances (*see Mitchell v City of New York*, 89 AD3d 1068, 1069 [2011]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability without prejudice to renewal upon the completion of discovery. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.