Motta v Gomez (2018 NY Slip Op 03124)





Motta v Gomez


2018 NY Slip Op 03124


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-10351
 (Index No. 602375/16)

[*1]Janeth Motta, et al., appellants, 
v
Jonathan J. Gomez, et al., respondents.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff and John-Paul Puma of counsel), for appellants.
Burns & Nallan, Melville, NY (Alan M. Shushan and Veronica Rozo of counsel),
for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated August 31, 2016, which denied their motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On March 1, 2015, the injured plaintiff was allegedly sitting in her parked vehicle on Brentwood Road, in the Town of Islip, when her vehicle was struck in the rear by a vehicle owned by the defendant Maria C. Gomez and operated by the defendant Jonathan J. Gomez. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants, alleging negligence. The plaintiffs moved for summary judgment on the issue of liability, and the Supreme Court denied the motion. The plaintiffs appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754, 755; Drakh v Levin, 123 AD3d 1084, 1085). Here, in support of their motion the plaintiffs submitted an affidavit from the injured plaintiff, in which she averred that she pulled over to the side of southbound Brentwood Road and parked her vehicle for approximately 30 seconds, when it was struck in the rear by the defendants' vehicle. This affidavit was sufficient to establish the plaintiffs' prima facie entitlement to judgment as a matter of law. The affidavit established a prima facie case of negligence against the defendants, requiring them to come forward with a nonnegligent explanation for the rear-end collision with her parked vehicle (see Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d at 755; Lutz v Defabio, 140 AD3d 1032; De Castillo v Sormeley, 140 AD3d 918).
In opposition, the defendants raised triable issues of fact. In support of their opposition, the defendants relied upon the affidavit of the defendant driver, which raised triable issues of fact as to whether he was faced with an emergency situation not of his own making and [*2]whether his actions in relation thereto were reasonable (see generally Firayner v Castro, 145 AD3d 756, 757; Mitchell v City of New York, 89 AD3d 1068, 1069).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability.
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court