Naomi Lieber, Respondent,
against
Carmen Vega-Santiago and Luis Santiago, Jr., Appellants.




Law Offices of Jennifer S. Adams (John P. Martorella of counsel), for appellants.
Naomi Lieber, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered August 22, 2017. The order, insofar as appealed from, denied defendants' motion for summary judgment.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action to recover for property damage she sustained after defendant Luis Santiago, Jr. (Santiago) had crashed the vehicle he had been driving into plaintiff's lawfully parked car outside of her home. Santiago and his wife, defendant Carmen Vega-Santiago, the owner of the vehicle, served their answer, denying the material allegations of the complaint and asserting affirmative defenses, including that Santiago had been confronted with an emergency situation. Thereafter, defendants moved for summary judgment, relying on Santiago's affidavit, wherein he swore that he had only hit plaintiff's vehicle because he had had to swerve in order to avoid a dog crossing the road. Defense counsel argued that, under the emergency doctrine, Santiago cannot be held negligent since the action he took was reasonable and prudent based on the emergency. In opposition, plaintiff affirmed that when she had run outside after she had heard the crash, Santiago had made no mention of a dog and he had smelled of alcohol. Plaintiff also cross-moved for discovery. In defendants' papers in reply and in [*2]opposition to the cross motion, defense counsel argued, among other things, that plaintiff's opposition papers were not properly sworn to and thus inadmissible. Defendants appeal from so much of an order of the Civil Court entered August 22, 2017 as denied their motion, which order indicated that plaintiff had sworn to the contents of her opposing papers in the presence of the court.
As an issue had been raised as to the admissibility of plaintiff's opposing papers, we find that the court did not improvidently exercise its discretion in administering an oath and having plaintiff swear to the contents therein (see CPLR 2001, 2309 [b]) to cure any possible defect. Under the circumstances, we need not decide whether plaintiff's opposing papers were admissible in the form in which they had been submitted.
Defendants argue that the Civil Court should have awarded them summary judgment based on the emergency doctrine. Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]; see Koenig v Lee, 53 AD3d 567 [2008]; Vitale v Levine, 44 AD3d 935 [2007]). As a general rule, the questions of the existence of an emergency and the reasonableness of the response to it are issues for the trier of fact (see Bello v Transit Auth. of NY City, 12 AD3d 58 [2004]; Davey v Ohler, 188 AD2d 726 [1992]), although "they may in appropriate circumstances be determined as a matter of law" (Bello v Transit Auth. of NY City, 12 AD3d at 60; Huggins v Figueroa, 305 AD2d 460 [2003]). Here, the only evidence in the record showing the existence of the unidentified dog is the affidavit of Santiago. Although the police report notes that Santiago saw a dog, the police officer was not a witness to the accident and only documented what Santiago had told him. Under the circumstances, defendants failed to establish as a matter of law that Santiago was confronted with an emergency situation to which he responded reasonably (see Foster v Sanchez, 17 AD3d 312 [2005]). Consequently, the Civil Court properly denied defendants' motion for summary judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018