Gute v Grease Kleeners, Inc. (2019 NY Slip Op 01571)





Gute v Grease Kleeners, Inc.


2019 NY Slip Op 01571


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-03671
 (Index No. 1666/15)

[*1]Patricia Gute, et al., appellants, 
v
Grease Kleeners, Inc., et al., respondents.


Appell & Parrinelli, New York, NY (John J. Appell and Louis A. Badolato of counsel), for appellants.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for respondents Grease Kleeners, Inc., and Robert A. Flynn.
Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci of counsel), for respondent Christopher Romano.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated January 30, 2018. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability against the defendants Grease Kleeners, Inc., and Robert A. Flynn, and the plaintiffs' separate motion for summary judgement on the issue of liability against the defendant Christopher Romano.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.
On December 8, 2014, the plaintiff Patricia Gute (hereinafter the injured plaintiff) was operating a vehicle northbound on Patchogue-Holbrook Road in Suffolk County, when a vehicle operated by the defendant Christopher Romano, which was traveling southbound, lost control due to ice on the roadway and crossed over into the injured plaintiff's lane of travel, striking her vehicle head-on and causing her vehicle to spin counterclockwise. The defendant Robert A. Flynn, who was operating a vehicle owned by his employer, the defendant Grease Kleeners, Inc. (hereinafter Grease Kleeners), was traveling behind the injured plaintiff's vehicle in the same lane at the time of the initial collision. Flynn testified at his deposition that as soon as he observed Romano's vehicle cross over into his lane of travel, he applied his brakes and attempted to steer to his right but began to slide on ice on the roadway. As a result of the initial impact between the injured plaintiff's vehicle and Romano's vehicle, Flynn's vehicle, sliding on the icy roadway, struck the injured plaintiff's vehicle despite Flynn's attempts to avoid it. The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the defendants. After issue was joined by the defendants, the plaintiffs moved for summary judgment on the issue of liability against Grease Kleeners and Flynn, and separately moved for summary judgment on the issue of liability against Romano. The Supreme Court, among other things, denied both motions, and the plaintiffs appeal.
With respect to the plaintiffs' motion for summary judgment on the issue of Romano's liability, they established their prima facie entitlement to judgment as a matter of law by demonstrating that Romano's negligence, in violating Vehicle and Traffic Law § 1126(a) by crossing [*2]over the median and entering the opposite lane of traffic in which the injured plaintiff's vehicle had been traveling, was a proximate cause of the initial impact in this multivehicle accident (see Browne v Logan Bus Co., Inc., 156 AD3d 856, 857; Pearson v Northstar Limousine, Inc., 123 AD3d 991; Campbell v County of Suffolk, 57 AD3d 821, 822; see also Rodriguez v City of New York, 31 NY3d 312). In opposition, Romano raised triable issues of fact as to whether he was presented with an emergency situation and whether he reacted as a reasonable person would under the circumstances (see Motta v Gomez, 161 AD3d 725, 726; Firayner v Castro, 145 AD3d 756, 757; Mitchell v City of New York, 89 AD3d 1068, 1069). The evidence submitted by Romano in opposition suggested that he had no reason to suspect that ice would be present on the roadway, and that its presence was sudden and unexpected (see Kandel v FN; Taxi; Inc., 137 AD3d 980, 982). Accordingly, we agree with the Supreme Court's determination to deny the plaintiffs' motion for summary judgment on the issue of Romano's liability.
With respect to the plaintiffs' separate motion for summary judgment on the issue of liability against Grease Kleeners and Flynn, the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law. The evidence submitted by the plaintiffs failed to demonstrate, prima facie, that Flynn was at fault in his collision with the injured plaintiff's vehicle. Rather, the evidence submitted by the plaintiffs, which included the deposition testimony of the injured plaintiff and Flynn, demonstrated the existence of triable issues of fact as to whether Flynn was also presented with an emergency situation and whether he reacted as a reasonable person would under the circumstances. Flynn's deposition testimony also suggested that he had no reason to suspect that ice would be present on the roadway, and that its presence was sudden and unexpected. Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability against Grease Kleeners and Flynn, we need not consider the sufficiency of the papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Supreme Court's determination to deny the plaintiffs' motion for summary judgment on the issue of liability against Grease Kleeners and Flynn.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court