Hernandez v Flores (2024 NY Slip Op 02177)

Hernandez v Flores

2024 NY Slip Op 02177

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-00374
 (Index No. 622521/17)

[*1]Marco Pineda Hernandez, etc., appellant,
v
Jose A. Flores, et al., respondents.

Donald Leo & Associates, P.C. (John F. Clennan, Ronkonkoma, NY, of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Sasha R. Grandison of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.) dated January 4, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On September 27, 2017, the plaintiff allegedly was injured when he entered the street and was struck by a vehicle operated by the defendant Jose A. Flores and owned by the defendant SLR Industries, Inc. The plaintiff commenced this action against the defendants to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint. In an order dated January 4, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Wiessner v Phillips, 201 AD3d 776, 777). "A driver is bound to see what is there to be seen with the proper use of his [or her] senses" (Topalis v Zwolski, 76 AD3d 524, 525; see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790). "The emergency doctrine provides that 'when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context'" (Fergile v Payne, 202 AD3d 928, 930, quoting Rivera v New York City Tr. Auth., 77 NY2d 322, 327). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact (see Makagon v Toyota Motor Credit Corp., 23 AD3d 443, 444 [2005]), those issues 'may in appropriate circumstances be determined as a matter of law'" (Vitale v Levine, 44 AD3d 935, 936, quoting Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 60).
Here, the defendants established their prima facie entitlement to judgment as a matter [*2]of law by submitting evidence demonstrating that the plaintiff ran into the street from behind a parked car and made contact with the defendants' vehicle, leaving Flores unable to avoid contact with the plaintiff (see Rosner v Srulovic, 201 AD3d 980; King v Perez, 160 AD3d 708, 708-709; Sheppeard v Murci, 306 AD2d 268, 269). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court