CASSANDRA SMIT, Respondent, v MARIEL S. PHILLIPS et al., Respondents, and GEORGE H. SMIT, Appellant. [901 NYS2d 705]—

In an action to recover damages for personal injuries, the defendant George H. Smit appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated October 5, 2009, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

The plaintiff was a passenger in a motor vehicle which was operated by her husband, the defendant George H. Smit (here-

inafter the appellant), in the leftmost lane of the southbound roadway of the Sagtikos Parkway in Suffolk County, when it was struck by a motor vehicle owned by the defendant Ronald D. Phillips and operated by his daughter, the defendant Mariel S. Phillips. The Phillips' vehicle was traveling laterally across the roadway in an eastbound direction, perpendicular to the flow of traffic, and had already collided with a vehicle operated by the defendant Stanley W. Cullinan, traveling in the rightmost lane of the southbound roadway. According to the appellant's testimony, he first observed the Phillips' vehicle one to three seconds before it impacted his car.

" 'Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" ' " (*Koenig v Lee*, 53 AD3d 567, 567 [2008], quoting *Vitale v Levine*, 44 AD3d 935, 936 [2007]). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact (*see Makagon v Toyota Motor Credit Corp.*, 23 AD3d 443, 444 [2005]), those issues 'may in appropriate circumstances be determined as a matter of law' " (*Vitale v Levine*, 44 AD3d at 936, quoting *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]). A driver is not obligated to anticipate that a vehicle will go out of control and cross the roadway laterally, perpendicular to the flow of traffic on the roadway. Such an event constitutes a classic emergency situation implicating the emergency doctrine (*see Marsch v Catanzaro*, 40 AD3d 941, 942 [2007]).

The evidence submitted by the appellant in support of his motion for summary judgment established that he was faced with an emergency not of his own making, leaving him with only seconds to react and virtually no opportunity to avoid a collision (*see Lee v Ratz*, 19 AD3d 552, 553 [2005]). Under these circumstances, the appellant established his prima facie entitlement to judgment as a matter of law. Mere speculation that the appellant may have failed to take some accident avoidance measures, or that he in some other way contributed to the occurrence of the accident is insufficient to defeat the appellant's motion for summary judgment (*see Koenig v Lee*, 53 AD3d at 568). In opposition, no triable issue of fact was raised as to whether the appellant's reaction to the emergency was unreasonable, or whether any negligence on his part prior to the initial collision contributed to bringing about the emergency

(*see Lee v Ratz*, 19 AD3d at 553). Accordingly, the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him should have been granted. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.