■ DINA VARDOULIAS, Respondent, v COUNTY OF NASSAU, Appellant, et al., Defendant. [923 NYS2d 577]—

In an action to recover damages for personal injuries, the defendant County of Nassau appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered November 20, 2009, which, upon a jury verdict on the issue of liability finding it 70% at fault in the happening of the accident, and upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, is in favor of the plaintiff and against it in the total sum of $142,706.60.

Ordered that the judgment is reversed, on the law, with costs, the motion of the defendant County of Nassau pursuant to

CPLR 4401 for a judgment as a matter of law is granted, and the complaint is dismissed insofar as asserted against the defendant County of Nassau.

The plaintiff commenced this personal injury action against the defendant County of Nassau claiming that a dangerous condition on a county sidewalk caused her to trip and fall. The Nassau County Recreation and Parks Department received prior written notice of the alleged condition on two occasions, approximately 10 months and 4 months before the accident, respectively.

Nassau County has a prior written notice statute in effect which provides, in relevant part, that "[n]o civil action shall be maintained against the County for damages or injuries to person or property sustained by reason of any sidewalk . . . unless written notice of such defective, unsafe, dangerous or obstructed condition of such sidewalk [is given] . . . [and s]uch written notice shall specify the particular place and nature of such defective, unsafe, dangerous or obstructed condition . . . [and that n]otice required to be given as herein provided shall be made in writing by certified or registered mail directed to the Office of the County Attorney" (Nassau County Administrative Code § 12-4.0 [e]).

Following joinder of issue, the case proceeded to a jury trial. At the completion of the plaintiff's case, the County moved for judgment as a matter of law on the ground that the plaintiff failed to establish a prima facie case. The County contended that the Office of the County Attorney had not received prior written notice of the alleged dangerous condition as required by Nassau County Administrative Code § 12-4.0 (e). The Supreme Court denied the motion. The jury returned a verdict finding the County 70% at fault in the happening of the accident and awarded damages. We reverse.

Prior written notice provisions are always strictly construed (*see Gorman v Town of Huntington*, 12 NY3d 275, 279 [2009]; *Delaney v Town of Islip*, 63 AD3d 658, 659 [2009]) and, absent prior written notice of a dangerous or defective condition where a written notice statute is in effect, a municipality cannot be held liable for injuries (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Jacobs v Village of Rockville Ctr.*, 41 AD3d 539, 540 [2007]). Although this Court has recognized the existence of two exceptions in which the lack of prior written notice may be excused (*see Amabile v City of Buffalo*, 93 NY2d at 474), the plaintiff does not contend that either exception applies.

Here, it is undisputed that the Office of the County Attorney, as statutory designee, did not receive prior written notice of the

alleged defective sidewalk. The fact that the Nassau County Recreation and Parks Department received prior written notice did not satisfy the statutory requirement that prior written notice be given to the Office of the County Attorney (*see Gorman v Town of Huntington*, 12 NY3d at 279; *Kiszenik v Town of Huntington*, 70 AD3d 1007, 1008 [2010]).

The County's remaining contention has been rendered academic in light of our determination. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.