■ JOAN BRANNAN, Appellant, v JOSEPH D. KORN et al., Respondents, et al., Defendants. [923 NYS2d 345]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered April 5, 2010, which granted the motion of the defendants Joseph D. Korn and Rebecca Korn for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On September 22, 2004, at approximately 9:40 P.M., the plaintiff, while attempting to walk across Ring Road, north of Stewart Avenue in Garden City, was struck by a hit and run driver and, as a result of the impact, was propelled onto a second vehicle operated by the defendant Joseph D. Korn (hereinafter Korn) and owned by the defendant Rebecca Korn (hereinafter together the respondents).

Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Tsai v Zong-Ling Duh*, 79 AD3d 1020 [2010]; *Lonergan v Almo*, 74 AD3d 902 [2010]; *Koenig v Lee*, 53 AD3d 567, 567 [2008]). Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues "may in appropriate circumstances be determined as a matter of law" (*Vitale v Levine*, 44 AD3d 935, 936 [2007] [internal quotation marks omitted]).

The evidence submitted by the respondents in support of their motion for summary judgment established that Korn was faced with an emergency situation, not of his own making, leaving him with seconds to react and virtually no opportunity to avoid a collision (*see Lonergan v Almo*, 74 AD3d 902 [2010]). Under

these circumstances, the respondents established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff's speculative and conclusory assertions failed to raise a triable issue of fact as to whether Korn's reaction to the emergency was unreasonable, or whether any negligence on his part proximately contributed to bringing about the emergency or the accident.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.