■ CHRISTINE KENNEY, Appellant, v COUNTY OF NASSAU, Respondent, and NATALIE A. NELSON, Also Known as NATALIE A. THOMAS, Appellant. [940 NYS2d 130]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated August 11, 2010, as granted that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Natalie A. Nelson, also known as Natalie A. Thomas, separately appeals, as limited by her brief, from so much of the same order as denied that branch of her separate motion which

was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from by the plaintiff; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Natalie A. Nelson, also known as Natalie A. Thomas, and the motion of that defendant for summary judgment dismissing the complaint insofar as asserted against her is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants, payable by the plaintiff.

The plaintiff was riding a bicycle on Piping Rock Road in the County of Nassau when a groove located between the shoulder and the roadway allegedly caused her to lose control of her bicycle and move in a direction perpendicular to the flow of traffic. The defendant Natalie A. Nelson, also known as Natalie A. Thomas, was driving behind the plaintiff, and upon seeing the plaintiff coming towards her, swerved to avoid hitting her. Nelson's efforts were unsuccessful, her car struck the plaintiff, and the plaintiff allegedly sustained injuries. The plaintiff thereafter commenced this action against both Nelson and the County. The Supreme Court granted that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted against it, but denied that branch of Nelson's separate motion which was for summary judgment dismissing the complaint insofar as asserted against her. The plaintiff and Nelson separately appeal.

Pursuant to Nassau County Administrative Code § 12-4.0 (e), no civil action shall be maintained against the County for injuries sustained by reason of a street or highway defect unless written notice of such defect was "made in writing by certified or registered mail directed to the Office of the County Attorney, One West Street, Mineola, New York, 11501." The plaintiff's sole contention on her appeal is that the Supreme Court should have denied that branch of the County's motion which was for summary judgment because the County allegedly submitted equivocal evidence on the issue of whether it received prior written notice of the groove in the roadway.

Contrary to the plaintiff's contention, the County presented unequivocal evidence that the Office of the County Attorney, as statutory designee, did not receive prior written notice of the alleged defect in the roadway and that the County did not have constructive notice of the alleged defect (see Highway Law § 139 [2]). The plaintiff failed to raise a triable issue of fact in opposition. Although she insists that the record leaves open the pos-

sibility that the Nassau County Department of Public Works received prior written notice of the alleged defect at issue, such notice would not satisfy the statutory requirement that prior written notice be given to the Office of the County Attorney (*see Gorman v Town of Huntington*, 12 NY3d 275, 279-280 [2009]; *Vardoulias v County of Nassau*, 84 AD3d 787, 788-789 [2011]). Accordingly, the Supreme Court properly granted that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see Griesbeck v County of Suffolk*, 44 AD3d 618 [2007]).

Regarding Nelson's motion for summary judgment, "[t]he common-law emergency doctrine recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context, provided the actor has not created the emergency" (*Lifson v City of Syracuse*, 17 NY3d 492, 497 [2011] [internal quotation marks omitted]). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues may in appropriate circumstances be determined as a matter of law" (*Smit v Phillips*, 74 AD3d 782, 783 [2010] [citation and internal quotation marks omitted]; *see Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60-61 [2004]). Further, "[a] driver is not obligated to anticipate that a vehicle will go out of control and cross the roadway laterally, perpendicular to the flow of traffic on the roadway. Such an event constitutes a classic emergency situation implicating the emergency doctrine" (*Smit v Phillips*, 74 AD3d at 783).

The evidence submitted by Nelson in support of that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her established that she was faced with an emergency not of her own making, leaving her with only seconds to react and virtually no opportunity to avoid a collision (*id.*). Under these circumstances, Nelson established her prima facie entitlement to judgment as a matter of law. Mere speculation that she may have failed to take some accident avoidance measures, or that she in some other way contributed to the occurrence of the accident is insufficient to defeat that branch of her separate motion (*id.*; *see Cancellaro v Shults*, 68 AD3d 1234, 1237 [2009]; *Trzepacz v Jara*, 11 AD3d 531 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Nelson unreasonably reacted to the

emergency (*see Smit v Phillips*, 74 AD3d at 783). Accordingly, the Supreme Court should have granted that branch of Nelson's separate motion which was for summary judgment dismissing the complaint insofar as asserted against her (*see Palma v Sherman*, 55 AD3d 891, 891-892 [2008]). Dickerson, J.P., Belen, Austin and Miller, JJ., concur.