■ IOANNIS PARASTATIDIS, Appellant, v HOLBROOK RENTAL CENTER, INC., et al., Defendants, and GIRL SCOUTS OF SUFFOLK COUNTY, INC., et al., Respondents. (And Another Title.) [943 NYS2d 625]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered February 3, 2011, which granted the motion of the defendants Girl Scouts of Suffolk County,

Inc., and Marc Bentejac for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On September 12, 2005, the defendant Desi Liapakis was driving a sports utility vehicle (hereinafter the SUV) eastbound on the Long Island Expressway when it struck the rear of a disabled box truck on the right shoulder between Exits 60 and 61. The impact of the collision spun the SUV around and propelled it into the middle eastbound travel lane of the expressway, where it was struck by another vehicle owned by the defendant Girl Scouts of Suffolk County, Inc. (hereinafter the Girl Scouts), and driven by the defendant Marc Bentejac. The plaintiff, a front-seat passenger in the SUV, was injured as a result of the accident. At her deposition, Liapakis testified that about one half of a second elapsed between the initial collision with the box truck, and the second collision with the vehicle driven by Bentejac. According to Bentejac's deposition testimony, he first observed the SUV about three seconds prior to striking it, and the SUV was propelled into his lane of travel less than one second after its initial collision with the box truck. Although he applied his brakes very hard, he was unable to avoid striking the SUV.

The " 'emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency' " (*Evans v Bosl*, 75 AD3d 491, 492 [2010], quoting *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Kenney v County of Nassau*, 93 AD3d 694 [2012]; *Davis v Metropolitan Tr. Auth.*, 92 AD3d 825 [2012]; *Smit v Phillips*, 74 AD3d 782, 783 [2010]). Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact for purposes of application of the emergency doctrine, those issues may in appropriate circumstances be determined as a matter of law (*see Kenney v County of Nassau*, 93 AD3d 694 [2012]; *Davis v Metropolitan Tr. Auth.*, 92 AD3d 825 [2012]; *Brannan v Korn*, 84 AD3d 1140 [2011]; *Smit v Phillips*, 74 AD3d at 783).

Here, the Girl Scouts and Bentejac made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence establishing that Bentejac was faced with an emergency not of his own making when the SUV spun around and was propelled into his lane of travel, leaving him

with no more than seconds to react and virtually no opportunity to avoid a collision (*see Kenney v County of Nassau*, 93 AD3d 694 [2012]; *Brannan v Korn*, 84 AD3d at 1140; *Smit v Phillips*, 74 AD3d at 783). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Bentejac's reaction to the emergency was unreasonable (*see Kenney v County of Nassau*, 93 AD3d 694 [2012]; *Brannan v Korn*, 84 AD3d at 1141; *Smit v Phillips*, 74 AD3d at 783). Accordingly, the Supreme Court properly granted the motion of the Girl Scouts and Bentejac for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.