■ CARLOS A. QUINONES, Appellant, v CHARLES ALTMAN et al., Defendants, and DARWIN M. TAYLOR, Respondent. [983 NYS2d 84]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings

County (Schmidt, J.), dated March 28, 2012, which granted the defendant Darwin M. Taylor's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff was traveling in the middle lane of the westbound Belt Parkway when he observed a vehicle that was stopped perpendicular to the road in the middle and right lanes. In response, he slowed the rate of travel of his vehicle. His vehicle was then struck in the rear by another vehicle. The impact propelled his vehicle into the left lane. A few seconds after the initial impact, the plaintiff's vehicle was struck in the rear by a vehicle operated by the respondent, Darwin M. Taylor. The respondent stated that he was traveling within the speed limit in the left lane when he observed the initial impact to the rear of the plaintiff's vehicle. The plaintiff's vehicle was "catapulted" into the respondent's path of travel approximately two car lengths ahead of the respondent. The respondent applied his brake and veered to the right, but he could not avoid colliding with the rear of the plaintiff's vehicle.

The respondent made a prima facie showing of his entitlement to judgment as a matter of law by demonstrating that he was faced with an emergency not of his own making, leaving him with only seconds to react, and virtually no opportunity to avoid a collision (see Parastatidis v Holbrook Rental Ctr., Inc., 95 AD3d 975, 976-977 [2012]; Koenig v Lee, 53 AD3d 567, 568 [2008]; Vitale v Levine, 44 AD3d 935, 936 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the respondent's reaction to the emergency was unreasonable, or whether any negligence on the respondent's part contributed to bringing about the emergency (see Kenney v County of Nassau, 93 AD3d 694, 696-697 [2012]; Koenig v Lee, 53 AD3d at 568; Lee v Ratz, 19 AD3d 552, 553 [2005]). Accordingly, the Supreme Court properly granted the respondent's motion for summary judgment on the issue of liability.

The plaintiff's remaining contention is academic. Rivera, J.P., Lott, Roman and Cohen, JJ., concur. **[Prior Case History: 35 Misc 3d 1205(A), 2012 NY Slip Op 50575(U).]**