■ FRANCIA GARCIA, Respondent, v LORRAINE STEWART, Respondent, and THOMAS ALFANO, JR., et al., Appellants. [993 NYS2d 90]—

In an action to recover damages for personal injuries, the defendants Thomas Alfano, Jr., and Thomas Alfano, Sr., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated July 25, 2013, as denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Koenig v Lee*, 53 AD3d 567 [2008]; *Vitale v Levine*, 44 AD3d 935, 936 [2007]).

Here, the plaintiff's vehicle was traveling northbound on Rockaway Avenue near its intersection with Fifth Street in the Village of Valley Stream when the defendant Lorraine Stewart, whose vehicle was traveling southbound on Rockaway Avenue, admittedly fell asleep behind the wheel and crossed over the double-yellow line into the northbound lane and into the plaintiff's vehicle. The uncontroverted evidence demonstrates that as a result of the force of the impact, the plaintiff's vehicle spun backward toward the vehicle owned by the defendant Thomas Alfano, Sr., and operated by the defendant Thomas

Alfano, Jr. (together hereinafter the Alfano defendants), which, immediately prior to the collision, had been traveling directly behind the plaintiff's vehicle. Despite Thomas Alfano, Jr.'s efforts to avoid the collision by applying his brakes and attempting to veer to the right, his vehicle collided with the rear of the plaintiff's vehicle approximately one to two seconds after the initial impact.

The Alfano defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that Thomas Alfano, Jr., was faced with an emergency not of his own making, which left him with only seconds to react and virtually no opportunity to avoid a collision (*see Quinones v Altman*, 116 AD3d 686, 686 [2014]; *Parastatidis v Holbrook Rental Ctr., Inc.*, 95 AD3d 975, 976-977 [2012]; *Koenig v Lee*, 53 AD3d at 568).

In opposition, neither the plaintiff nor Stewart raised a triable issue of fact as to whether Thomas Alfano, Jr.'s actions were reasonable and prudent under the circumstances. While the plaintiff contends that Thomas Alfano, Jr.'s proffered testimony and averments are incredible, we note that " '[i]t is not the court's function on a motion for summary judgment to assess credibility' " (*Silva v FC Beekman Assoc., LLC*, 92 AD3d 754, 756 [2012], quoting *Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]; *see A Dan Jiang v Jin-Liang Liu*, 97 AD3d 707 [2012]). Neither the plaintiff nor Stewart offered any testimony or evidence to contradict Thomas Alfano, Jr.'s consistent account of the accident (*see Rankel v Saccardo*, 100 AD3d 613, 613 [2012]; *Vainer v DiSalvo*, 79 AD3d 1023, 1023 [2010]; *cf. Tringali v Sieber*, 115 AD3d 934 [2014]; *Martin v Cartledge*, 102 AD3d 841 [2013]). Further, the plaintiff and Stewart offered nothing more than mere speculation and surmise as to how Thomas Alfano, Jr., could have avoided the accident (*see Quinones v Altman*, 116 AD3d at 686; *Kenney v County of Nassau*, 93 AD3d 694, 696 [2012]; *Koenig v Lee*, 53 AD3d at 568).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted that branch of the Alfano defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.