■ BRYAN J. PACELLI et al., Respondents, v INTRUCK LEASING CORP. et al., Defendants, and EMH CONSULTING et al., Appellants. (Action No. 1.) NATIONAL INTERSTATE INSURANCE COMPANY, as Subrogee of Schoolman Transportation System, Inc., et al., Respondents, v INTRUCK LEASING CORP. et al., Defendants, and EMH CONSULTING, Appellant. (Action No. 2.) CERTAIN UNDERWRITERS AT LLOYD'S LONDON, as Subrogee of EMH Consulting, Inc., Plaintiff, v WESTBURY PAPER STOCK CORP. et al., Defendants. (Action No. 3.) MICHELLE GALLUZO, Respondent, v INTRUCK LEASING CORP. et al., Defendants, and EMH CONSULTING et al., Appellants. (Action No. 4.) KRISTINE BLUME, Respondent, v INTRUCK LEASING CORP. et al., Defendants, and EMH CONSULTING, INC., et al., Appellants. (Action No. 5.) DEBRA LOSCALZO et al., Respondents, v INTRUCK LEASING CORP. et al., Defendants, EMH CONSULTING et al., Appellants, and SCHOOLMAN TRANSPORTATION SYSTEM, INC., Respondent. (Action No. 6.) THOMAS P. ZIMMARDI et al., Respondents, v JOSE ALFREDO GARCIA ORTIZ et al., Defendants, and EMH consulting, Appellant. (Action No. 7.) BRYAN PACELLI et al., Plaintiffs, v AUSTIN ENVIRONMENTAL CORP., Defendant. (Action No. 8.) NATIONAL INTERSTATE INSURANCE COMPANY, as Subrogee of Schoolman Transportation System, Inc., et al., Plaintiffs, v AUSTIN ENVIRONMENTAL CORP. et al., Defendants. (Action No. 9.) NATIONAL INTERSTATE INSURANCE COMPANY, as Subrogee of Schoolman Transportation System, Inc., et al., Plaintiffs, v OMNI RECYCLING OF WESTBURY, INC., Defendant. (Action No. 10.) G.E.I.C.O., as Subrogee of Catherine Cohen, Respondent, v INTRUCK LEASING CORP. et al., Defendants, and EMH CONSULTING, INC., Sued Herein as EMH CONSULTING, et al., Appellants.

(Action No. 11.) Bryan J. Pacelli et al., Respondents, v Jamaica Ash and Rubbish Removal Co., Inc., et al., Appellants, et al., Defendant. (Action No. 12.) [10 NYS3d 149]—

In twelve related actions to recover damages for personal injuries, the defendant EMH Consulting appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered January 7, 2013, as denied its motions for summary dismissing the complaints in action Nos. 1, 2, 4, 6, and 7 insofar as asserted against it, the defendant EMH Consulting, Inc., appeals, as limited by its brief, from so much of the same order as denied its motions for summary judgment dismissing the complaints in action Nos. 5 and 11 insofar as asserted against it, the defendants Westbury Paper Stock Corp., Jamaica Ash and Rubbish Removal Co., Inc., and Omni Recycling of Westbury, Inc., separately appeal, as limited by their brief, from so much of the same order as denied their motions for summary judgment dismissing the complaints in action Nos. 1, 4, and 11 insofar as asserted against the defendant Westbury Paper Stock Corp., dismissing the complaints in action Nos. 4, 5, 6, 11, and 12 insofar as asserted against the defendant Jamaica Ash and Rubbish Removal Co., Inc., and dismissing the complaint in action No. 4 insofar as asserted against the defendant Omni Recycling of Westbury, Inc., and the defendant Schoolman Transportation System, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its motions for summary judgment dismissing the complaints in action Nos. 1, 5, and 11 insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the motions of the defendant EMH Consulting which were for summary judgment dismissing the causes of action alleging negligent entrustment and vicarious liability in action Nos. 1, 2, 4, 6, and 7, insofar as asserted against it, and substituting therefor provisions granting those branches of its motions, (2), by deleting the provisions thereof denying those branches of the motions of the defendant EMH Consulting, Inc., which were for summary judgment dismissing the causes of action alleging negligent entrustment and vicarious liability in action Nos. 5 and 11 insofar as asserted against it, and substituting therefor provisions granting those branches of its motions, and

(3) by deleting the provisions thereof denying the motions of Schoolman Transportation System, Inc., for summary judgment dismissing the complaints in action Nos. 1, 5, and 11 insofar as asserted against it, and substituting therefor provisions granting those motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs Bryan J. Pacelli and Kelly Pacelli, the plaintiff Kristine Blume, and the plaintiffs Thomas P. Zimmardi and Marcie S. Zimmardi appearing separately and filing separate briefs, payable by the defendants Westbury Paper Stock Corp., Jamaica Ash and Rubbish Removal Co., Inc., and Omni Recycling of Westbury, Inc., and, upon searching the record, summary judgment is awarded to Thomas P. Zimmardi dismissing the complaints insofar as asserted against him in action Nos. 1, 5, and 11.

On March 15, 2006, Thomas P. Zimmardi was driving a charter bus owned by Schoolman Transportation System, Inc. (hereinafter Schoolman), in the high-occupancy-vehicle (hereinafter HOV) lane of the westbound Long Island Expressway (hereinafter the LIE), near exits 39 and 40. Several people were passengers on the bus, including Michelle Galluzo, Kristine Blume, Debra Loscalzo, and Catherine Cohen. Jose Alfredo Garcia Ortiz was driving a tractor-trailer containing recycling waste in the right westbound lane of the LIE, in the immediate vicinity of the bus. The trailer was owned by EMH Consulting, also sued herein as EMH Consulting, Inc., in action Nos. 5 and 11 (hereinafter EMH), and leased by New Brothers Transport Corp. (hereinafter New Brothers). The tractor was registered to Intruck Leasing Corp. The truck was carrying waste that had been loaded at a facility which was owned or operated by Westbury Paper Stock Corp. (hereinafter Westbury), Jamaica Ash and Rubbish Removal Co., Inc. (hereinafter Jamaica), and Omni Recycling of Westbury, Inc. (hereinafter Omni), and the waste belonged to some or all of those companies. Bryan J. Pacelli was driving a passenger car owned by his wife Kelly Pacelli in the same area.

The truck veered across several lanes of the LIE and struck the divider separating the eastbound and westbound HOV lanes. The truck pushed the Pacelli vehicle across the regular traffic lanes and into the westbound HOV lane, at which point the bus struck both the truck and the Pacelli vehicle. As a result of the accident, Bryan J. Pacelli, Zimmardi, and several passengers on the bus were injured. Numerous actions were commenced by the parties involved in the accident.

Schoolman moved, EMH separately moved, and Westbury,

Jamaica, and Omni (hereinafter collectively the Westbury defendants) together separately moved for summary judgment dismissing the complaints in the various actions insofar as asserted against each of them. In an order entered January 7, 2013, the Supreme Court denied the respective motions, and those parties appeal from the respective portions of the order that were adverse to them.

"[T]he emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Vargas v Akbar*, 123 AD3d 1017 [2014]; *Quinones v Altman*, 116 AD3d 686, 687 [2014]). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues 'may in appropriate circumstances be determined as a matter of law' " (*Vitale v Levine*, 44 AD3d 935, 936 [2007], quoting *Bello v Transit Auth. of N.Y. City*, 12 AD3d at 60 [citations omitted]).

Here, Schoolman established its prima facie entitlement to judgment as a matter of law dismissing the complaints in action Nos. 1, 5, and 11 insofar as asserted against it by demonstrating that its driver, Zimmardi, was faced with an emergency situation not of his own making when the truck suddenly veered into his lane of traffic, and that he acted reasonably in the context of that emergency (*see Vargas v Akbar*, 123 AD3d 1017 [2014]; *Quinones v Altman*, 116 AD3d at 687). In opposition, the several plaintiffs failed to raise a triable issue of fact as to whether the emergency doctrine was applicable. Accordingly, the Supreme Court erred in denying Schoolman's motions for summary judgment dismissing the complaints in action Nos. 1, 5, and 11 insofar as asserted against it. For the same reasons, we award summary judgment to Zimmardi, as the operator of Schoolman's bus, dismissing the complaints insofar as asserted against him in action Nos. 1, 5, and 11, pursuant to our authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motions before the Supreme Court (*see Utica First Ins. Co. v Mumpus Restorations, Inc.*, 115 AD3d 938, 939 [2014]; *Mack v Brown*, 82 AD3d 133, 142 [2011]).

Additionally, the Supreme Court erred in denying those

branches of the motions of EMH which were for summary judgment dismissing, in actions No. 1, 2, 4, 5, 6, 7, and 11, the negligent entrustment causes of action and the causes of action alleging that it was vicariously liable for the conduct of Ortiz and New Brothers. EMH established its prima facie entitlement to judgment as a matter of law in connection with the vicarious liability causes of action by demonstrating, prima facie, that the Graves Amendment (49 USC § 30106) applied to shield it from liability for the plaintiffs' injuries by virtue of its status as a commercial lessor of motor vehicles that was free from negligence in maintaining the subject vehicle (*see Castillo v Amjack Leasing Corp.*, 84 AD3d 1297, 1297-1298 [2011]; *Graham v Dunkley*, 50 AD3d 55, 57-58 [2008]). Further, EMH established its prima facie entitlement to judgment as a matter of law dismissing the negligent entrustment causes of action insofar as asserted against it by demonstrating that it did not possess special knowledge concerning a characteristic or condition peculiar to New Brothers that rendered the use of the leased vehicle by New Brothers unreasonably dangerous (*see Burrell v Barreiro*, 83 AD3d 984, 986 [2011]; *Byrne v Collins*, 77 AD3d 782 [2010]). In opposition, the several plaintiffs failed to raise a triable issue of fact.

The Supreme Court properly denied the Westbury defendants' motions. To meet their burden of establishing their prima facie entitlement to judgment as a matter of law, the Westbury defendants were required to show that their negligence, if any, was not a substantial contributing factor to the events which produced the injury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Although "issues of proximate cause are generally fact matters to be resolved by a jury" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 659 [1989]), "[t]here are certain instances . . . where only one conclusion may be drawn from the established facts and . . . the question of legal cause may be decided as a matter of law" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315; *see Ramirez v Velarde*, 248 AD2d 697 [1998]). The Westbury defendants failed to show that the manner in which they loaded the truck was not a proximate cause of the accident. Since the Westbury defendants failed to meet their initial burden, the Supreme Court properly denied their motions for summary judgment dismissing the complaints in action Nos. 1, 4, and 11 insofar as asserted against Westbury, dismissing the complaints in action Nos. 4, 5, 6, 11, and 12 insofar as asserted against Jamaica, and dismissing the complaint in action No. 4 insofar as asserted against Omni, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The appellants' remaining contentions are without merit. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.