Bailey v Vitrano (2018 NY Slip Op 07086)





Bailey v Vitrano


2018 NY Slip Op 07086


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-08171
2016-09767
 (Index No. 501669/13)

[*1]Dean A. Bailey, respondent-appellant, 
v
N. C. Vitrano, Jr., et al., appellants, Diane E. Arutt, respondent, et al., defendants.


Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for appellants.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Nick Serlin of counsel), for respondent-appellant.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 24, 2016, and the defendants N. C. Vitrano, Jr., and Tariq Auto Service, Inc., appeal from an order of the same court dated August 9, 2016. The order dated June 24, 2016, insofar as appealed from, granted that branch of the motion of the defendant Diane E. Arutt which was for summary judgment dismissing the complaint insofar as asserted against her. The order dated August 9, 2016, insofar as appealed from, denied the cross motion of the defendants N. C. Vitrano, Jr., and Tariq Auto Service, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order dated June 24, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated August 9, 2016, is reversed insofar as appealed from, on the law, and the cross motion of the defendants N. C. Vitrano, Jr., and Tariq Auto Service, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant Diane E. Arutt and the defendants N. C. Vitrano, Jr., and Tariq Auto Service, Inc., appearing separately and filing separate briefs, payable by the plaintiff.
The plaintiff was operating a box truck in the center lane of the westbound Long Island Expressway when the defendant N. C. Vitrano, Jr., who was operating a flatbed truck in front of the plaintiff's truck, applied his brakes. Vitrano applied his brakes because the vehicle in front of him had stopped due to a traffic condition caused by a tractor-trailer that had jackknifed in the [*2]expressway. To avoid colliding with Vitrano's vehicle, the plaintiff applied his brakes and steered his truck to the left, causing it to travel across the left lane and the HOV lane and strike the median of the westbound side of the expressway. Immediately after the plaintiff's truck struck the median, a vehicle that was being operated by the defendant Diane E. Arutt in the HOV lane struck the plaintiff's truck, causing it to overturn.
The plaintiff thereafter commenced this action to recover damages for personal injuries against, among others, Vitrano, the owner of Vitrano's vehicle, Tariq Auto Service, Inc. (hereinafter Tariq), and Arutt. Arutt moved, and Vitrano and Tariq (hereinafter together the truck defendants) cross-moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. In an order dated June 24, 2016, the Supreme Court granted Arutt's motion. In an order dated August 9, 2016, the court denied the truck defendants' cross motion. The plaintiff appeals from the order dated June 24, 2016, and the truck defendants appeal from the order dated August 9, 2016.
Arutt demonstrated her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her. In particular, Arutt established that she was faced with an emergency not of her own making, leaving her with only seconds to react and virtually no opportunity to avoid a collision (see Kenney v County of Nassau, 93 AD3d 694, 696; Smit v Phillips, 74 AD3d 782, 783). Contrary to the plaintiff's contention, Arutt was not obligated to anticipate that the plaintiff's vehicle would "go out of control and cross the roadway laterally, perpendicular to the flow of traffic on the roadway" (Smit v Phillips, 74 AD3d at 783). In opposition, the plaintiff failed to raise a triable issue of fact.
Contrary to the Supreme Court's conclusion, the truck defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them. Although there were conflicts between the plaintiff's and Vitrano's deposition testimony as to whether the plaintiff's vehicle actually struck Vitrano's vehicle before veering into the median, even assuming that the plaintiff's version of events was true, the truck defendants established that Vitrano was not negligent in the happening of the accident. The plaintiff and Vitrano agree that Vitrano's vehicle stopped due to a traffic condition in front of him caused by a jackknifed tractor-trailer, and there was no evidence that Vitrano's operation of his vehicle in response to the traffic condition was in any manner negligent (cf. Tutrani v County of Suffolk, 10 NY3d 906, 907). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the truck defendants' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court