Francis v Ride (2019 NY Slip Op 01060)





Francis v Ride


2019 NY Slip Op 01060


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-12584
 (Index No. 1908/14)

[*1]Kumarie Francis, appellant, 
v
Care Ride, et al., respondents, et al., defendants.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Melissa B. Ringel], of counsel), for appellant.
Shein & Associates, P.C., Syosett, NY (Susan R. Nudelman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated October 18, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Care Ride and Michael Dobbins which was for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was employed as a home health care aide and was a passenger on an ambulette, which was operated by the defendant Michael Dobbins in the course of his employment with the defendant Care Ride (hereinafter together the Care Ride defendants), which owned the ambulette. According to the amended complaint, the Care Ride defendants' vehicle was involved in an accident with a vehicle owned by the defendant Robert Vasquez and operated by one of either Noel Vasquez, Robert Vasquez, or Robert Vasquez, Jr. (hereinafter collectively the Vasquez defendants), when the Vasquez defendants' vehicle crossed over into the Care Ride defendants' lane of travel. The amended complaint alleged that the Care Ride defendants and the Vasquez defendants were negligent in the ownership and operation of their respective vehicles. After joinder of issue, the Care Ride defendants moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them. The Supreme Court granted the Care Ride defendants' motion. The plaintiff appeals.
The Care Ride defendants established their prima facie entitlement to judgment as a matter of law. The evidence submitted by the Care Ride defendants in support of their motion for summary judgment included the respective deposition transcripts of the plaintiff and the defendant Michael Dobbins, as well as Dobbins's affidavit and color photographs of the accident scene. These submissions established that Dobbins was faced with an emergency not of his own making, leaving him very little time to react and virtually no opportunity to avoid a collision with the Vasquez defendants' vehicle (see Welch v Suffolk Coach, Inc., 162 AD3d 1097; Kenney v County of Nassau, 93 AD3d 694, 696; Smit v Phillips, 74 AD3d 782, 783). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320). Mere speculation that Dobbins [*2]may have failed to take some accident avoidance measures, or in some other way contributed to the occurrence of the subject accident, is insufficient to raise a triable issue of fact (see Kenney v County of Nassau, 93 AD3d at 696).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the Care Ride defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court