Dickson v Putnam (2019 NY Slip Op 03025)





Dickson v Putnam


2019 NY Slip Op 03025


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-09568
 (Index No. 2230/14)

[*1]Craig A. Dickson, Jr., appellant, 
v
County of Putnam, et al., respondents, et al., defendant.


Klein & Folchetti, P.C., Brewster, NY (Robert W. Folchetti of counsel), for appellant.
Portale Randazzo LLP, White Plains, NY (James A. Randazzo and Drew W. Sumner of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (Robert DiBella, J.), dated July 12, 2017. The order granted the motion of the defendants County of Putnam and Putnam County Sheriff's Department for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On August 11, 2013, the plaintiff, then an inmate at the Putnam County Correctional Facility (hereinafter the facility), allegedly was injured when the defendant Antwonne Batts, also an inmate, struck the plaintiff on the head with a pool cue. In November 2014, the plaintiff commenced this action against the defendants County of Putnam and Putnam County Sheriff's Department (hereinafter together the County defendants) and Batts. In two causes of action sounding in negligent supervision and negligent entrustment, he alleged that the County defendants were liable for his injuries because Batts assaulted him while he and Batts were in the County defendants' custody. After discovery, the County defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
While a municipality owes a duty of care to inmates in correctional facilities to safeguard them from attacks by other inmates, it is not an insurer of inmate safety (see Barnette v City of New York, 96 AD3d 700, 701). Thus, the scope of a municipality's duty to protect inmates is "limited to risks of harm that are reasonably foreseeable" (Sanchez v State of New York, 99 NY2d 247, 253).
In support of their motion, the County defendants submitted, inter alia, the deposition transcripts of the plaintiff, of a correction officer employed by the Putnam County Sheriff's Department (hereinafter Sheriff's Department) who was on duty when the incident occurred, and of a sergeant supervisor who worked at the facility, as well as the affidavit of a Sheriff's Department captain assigned to the facility. Through this evidence, the County defendants demonstrated that prior to the incident, the plaintiff and Batts had a friendly relationship and joked around with each [*2]other. They had no prior physical altercations with one another, and Batts had not been involved in any prior violent incidents with other inmates. The County defendants also demonstrated that prior to August 11, 2013, there had been no incident at the facility where an inmate had used a pool cue as a weapon to attack another inmate.
The County defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action sounding in negligent supervision by demonstrating that the assault by Batts upon the plaintiff was not reasonably foreseeable (see Sanchez v State of New York, 99 NY2d 247; McAllister v City of New York, 159 AD3d 887). As for the cause of action sounding in negligent entrustment, the County defendants established, prima facie, that they did not possess special knowledge concerning a characteristic or condition peculiar to Batts that rendered his access to the pool cue unreasonably dangerous (see Pacelli v Intruck Leasing Corp., 128 AD3d 921, 925; Burrell v Barreiro, 83 AD3d 984, 985). In opposition, the plaintiff failed to raise a triable issue of fact (see Gilhooly v County of Suffolk, 164 AD3d 659).
Accordingly, we agree with the Supreme Court's determination granting the County defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court