Penaranda v Tesoriero (2021 NY Slip Op 03463)





Penaranda v Tesoriero


2021 NY Slip Op 03463


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-09959
 (Index No. 614421/17)

[*1]Doris Penaranda, appellant, 
v
John P. Tesoriero, defendant, Rhea L. Gringhaus, et al., respondents.


Kritzer Law Group, Smithtown, NY (David S. Kritzer and Karen F. Neuwirth of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondents.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for defendant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sanford N. Berland, J.), dated August 2, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Rhea L. Gringhaus and Roy S. Gringhaus which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when a vehicle operated by the defendant John P. Tesoriero crossed a double yellow line, entered the opposing lane of traffic in which the plaintiff had been driving, and struck the plaintiff's vehicle head on. The impact pushed the plaintiff's vehicle backwards, and it collided with a vehicle owned by the defendant Roy S. Gringhaus and operated by the defendant Rhea L. Gringhaus, which, immediately prior to the collision, was traveling directly behind the plaintiff's vehicle.
The plaintiff subsequently commenced this personal injury action against Tesoriero, Rhea L. Gringhaus, and Roy S. Gringhaus (hereinafter together the Gringhaus defendants). The Gringhaus defendants thereafter moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, granted that branch of the Gringhaus defendants' motion. The plaintiff appeals.
Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Garcia v Stewart, 120 AD3d 1298).
Here, the Gringhaus defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that Rhea L. Gringhaus was faced with an emergency not of her own making, which left her with only seconds to react and virtually no opportunity to avoid a collision (see Garcia v Stewart, 120 AD3d at 1299; Koenig v Lee, 53 AD3d 567, 568). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the Gringhaus defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
The Gringhaus defendants' contentions regarding their cross claims are not properly before this Court on the plaintiff's appeal.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court