Samuel v County of Nassau (2025 NY Slip Op 05005)

Samuel v County of Nassau

2025 NY Slip Op 05005

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-06375
 (Index No. 606013/21)

[*1]Rhonda Samuel, respondent, 
v
County of Nassau, appellant, et al., defendants.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Mary E. Mahon of counsel), for appellant.
Sullivan Papain Block McManus Coffinas & Cannavo, P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant County of Nassau appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated March 18, 2024. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant County of Nassau for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted.
The plaintiff allegedly tripped and fell on an uneven sidewalk condition and commenced this action against the defendant County of Nassau, among others, to recover damages for personal injuries that she allegedly sustained. The County moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, contending that it did not have prior written notice of the defect. In an order dated March 18, 2024, the Supreme Court denied the motion. The County appeals.
"When a municipality has adopted a prior written notice law, the municipality cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Reynolds v City of Poughkeepsie, 230 AD3d 1260, 1260-1261 [internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 474). Where the municipality makes a prima facie showing that it lacked prior written notice of the alleged defect, "'the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality'" (Smith v City of New York, 210 AD3d 53, 62, quoting Yarborough v City of New York, 10 NY3d 726, 728; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130).
Here, the County established, prima facie, that it did not have prior written notice of the alleged defect. The County's prior written notice statute provided, in relevant part, that "[n]o civil action shall be maintained against the County for damages or injuries to person or property [*2]sustained by reason of any sidewalk . . . unless written notice of such defective, unsafe, dangerous or obstructed condition of such sidewalk [is given] . . . [and s]uch written notice shall specify the particular place and nature of such . . . [and that n]otice required to be given as herein provided shall be made in writing by certified or registered mail directed to the Office of the County Attorney" (Nassau County Administrative Code § 12-4.0[e]). In support of its motion, the County submitted an affidavit from the employee within the Office of the County Attorney responsible for maintaining the files containing notices of defect. That employee averred that he had personally searched the relevant files for the six years prior to and including the date of the plaintiff's fall and that he did not find any prior written notices of any defective conditions at the subject location from that period (see Sanchez v County of Nassau, 222 AD3d 685, 687; Walker v County of Nassau, 147 AD3d 806, 807).
In opposition, the plaintiff failed to raise a triable issue of fact. Since written notices had to be mailed directly to the Office of the County Attorney to satisfy the County's prior written notice requirement, it was immaterial that another municipal department's records had not been searched to determine whether the County had prior written notice of the alleged defect (see Gorman v Town of Huntington, 12 NY3d 275, 279-280; Kenney v County of Nassau, 93 AD3d 694, 695-696; Vardoulias v County of Nassau, 84 AD3d 787, 788-789). As the plaintiff concedes on appeal, she failed to raise a triable issue of fact as to whether the County affirmatively created the condition that allegedly caused the plaintiff to fall (see Yarborough v City of New York, 10 NY3d at 728; Oboler v City of New York, 8 NY3d 888, 889-890).
Accordingly, the Supreme Court should have granted the County's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court